# Supreme Court Current Opinions

For dates of rendering these opinions, see headlines over cases.

No. 174

KUHN v. CINCINNATI TRAC. C.

Ohio Supreme Court

Filed March 9, 1923, 1 Abs. 275

No. 17895.  Decided Jan. 29, 1924

1283.  WORKMEN'S COMPENSATION—

1. Error for court to refuse employer right to prove compliance with GC. 1027 and 871-13, 871-15 and 871-16, in action for personal injuries, where employer has complied with Compensation Act.

2. Making proper inspection of elevator necessary.

3. GC. 1027, Subdivision 4, does not create

4. Error in court's instruction.

an absolute liability.

For complete Official Syllabus, see 2 Abs. 101.

DAY, J.

Epitomized Opinion

First Publication of this Opinion

George Kuhn brought suit in the Hamilton Common Pleas against the Cincinnati Traction Co. to recover damages for personal injuries sustained by him from a fall of a freight elevator which was being operated by him in one of the plants of the defendant in Cincinnati.  At the time of the accident plaintiff was an employe of the Traction Co. and he was hurt in the course of his employment.  The Traction Co. regularly employed more than five employes and had duly elected to make payments into the State Insurance Fund, and had elected to pay compensation direct.  Kuhn refused to accept compensation but brought an action for damages, claiming that the Traction Co. failed to comply with a "lawful requirement" as the term is used in GC 1465-76, and that the Traction Co. had violated the provisions of Secs. 1027, subdivision 4, 871-13, 871-15 and 871-16, in that the defendant had neglected to examine the condition of the elevator or to provide him a reasonably safe place to work and also failed to provide a suitable safety brake and suitable elevator cable.  The defendant filed a general denial.

The court in its general charge gave no instruction upon the question of inspection, nor as to duty of the employer to make suitable provisions to prevent injury, nor concerning the statutory duty to provide a reasonably safe place to work.  The trial court also re-

fused to admit testimony as to repairs made in different parts of the elevator from time to time, and of frequent examinations and inspections.  The trial resulted in a verdict for plaintiff in the sum of $15,000.  This judgment was reversed by the Court of Appeals upon the ground that there was no evidence of a violation of a "lawful requirement."  In modifying the judgment of the Court of Appeals, the Supreme Court held:

1. In such action for damages for personal injury against an employer who has paid into the Workmen's Compensation Fund, it is error to refuse such employer opportunity to show compliance with such statutory duty.

2. That the statutory duty of employer would be discharged if there was frequent examination by the employer, and the ropes, gearing and other parts of the elevator were kept as free from danger to the employe using the elevator as the nature of the employment would reasonably permit, and if the employer furnished and provided safety devices and safeguards and used methods reasonably adequate.  The word "sound," as used in Sub. 4 of Sec. 1027, has the same significance as the word "safe," as defined in Sec. 871-13, to-wit: as free from danger to the life, safety and welfare of the employe as the nature of the employment will reasonably permit.

3. Sub. 4 of 1027 GC. does not create an absolute liability, nor constitute an insurance of the safety of an employe, but, in an action thereunder, an employer may show defense that he has met the degree of care required by statute.

4. An instruction that "it was the duty of the defendant to provide and maintain an elevator sufficient in all its parts so that when used for the purpose intended and in the manner intended, it would not break" is erroneous, unless the jury be further instructed that such breaking was due to some violation by the employer of a statutory duty in that regard.

Attorneys—Roettinger & Street, for Kuhn; H. Kenneth Rogers, for Traction Co.; all of Cincinnati.